UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MICHAEL HALEY,<br><br>  Plaintiff,<br><br>  v.<br><br>IFEOMA OGBUEHI, et al.,<br><br>  Defendants. | Case No. 16-cv-00940-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Defendants removed this case from state court and paid the filing fee. Defendants have also filed a motion to transfer this case to the Eastern District of California.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

1   (citations omitted).  Although in order to state a claim a complaint "does not need detailed
2   factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]
3   to relief' requires more than labels and conclusions, and a formulaic recitation of the
4   elements of a cause of action will not do. . . .   Factual allegations must be enough to
5   raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
6   U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state
7   a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme
8   Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal
9   conclusions can provide the framework of a complaint, they must be supported by factual
10  allegations.  When there are well-pleaded factual allegations, a court should assume their
11  veracity and then determine whether they plausibly give rise to an entitlement to relief."
12  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

13       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
14  elements:  (1) that a right secured by the Constitution or laws of the United States was
15  violated, and (2) that the alleged deprivation was committed by a person acting under the
16  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **II.    LEGAL CLAIMS**
18       Plaintiff alleges that he has been denied proper medical treatment for Valley
19  Fever.

20       Deliberate indifference to serious medical needs violates the Eighth Amendment's
21  proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104
22  (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*
23  *grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en
24  banc).  A determination of "deliberate indifference" involves an examination of two
25  elements: the seriousness of the prisoner's medical need and the nature of the
26  defendant's response to that need.  *Id.* at 1059.

27       A "serious" medical need exists if the failure to treat a prisoner's condition could
28  result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*

The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff states that he was diagnosed with Valley Fever in 2011 while incarcerated at Pleasant Valley State Prison ("PVSP") in the Eastern District of California. Plaintiff describes treatment he received while in PVSP, though he fails to identify any specific individuals. He was transferred to Correctional Training Facility ("CTF"), which is in this district, on August 28, 2015.[1] Plaintiff states that an unidentified medical assistant at CTF told him he did not have Valley Fever when plaintiff sought treatment. Plaintiff requested to see a specialist, but the request was denied because he was told he had tested negative for Valley Fever. Yet, he was prescribed Naproxen. Plaintiff later asked defendant Dr. Friederichs to explain the test because prior tests indicated that he was positive. Dr. Friederichs responded that the computer only goes back to 2015. Plaintiff's additional requests to see a specialist were denied and he continued to experience

---

[1] Plaintiff was transferred to CTF from Chuckwalla Valley State Prison, which lies in the Central District.

3

1   migraines, tunnel vision, fatigue, joint aches, and periodic nose bleeds.

2   Plaintiff names as defendants Dr. Ogbuehi, Dr. Brown, Dr. Bright, Dr. Ngyuyen, Dr.
3   Coleman, and Dr. Friederichs.  Other than the brief discussion concerning Dr.
4   Friederichs's actions at CTF, plaintiff has failed to identify any specific actions of the other
5   defendants and where it occurred.  It is not clear if the other defendants are employed at
6   CTF or a prison in another district.

7   Defendants Ogbuehi, Bright and Friederichs have already been served and are
8   represented by the Office of the Attorney General.  Defendants note that Bright and
9   Friederichs work at CTF and Ogbuehi works at PVSP.  Defendants Brown, Ngyuyen and
10  Coleman have not been served and it is not known where they treated plaintiff.  The
11  served defendants have also filed a motion to transfer this case to the Eastern District of
12  California because there are currently 24 cases pending in that district regarding inmates
13  bringing suit against prison staff with respect to allegations that they contracted valley
14  fever while incarcerated at PVSP.  Plaintiff has not responded to the motion to transfer
15  the case.

16  As currently pled, the complaint fails to state a claim against any named
17  defendant.  Plaintiff's allegation that Friederichs told him he was negative for Valley Fever
18  and could not access older records does not present an Eighth Amendment violation.
19  The complaint will be dismissed with leave to amend.  Plaintiff should provide more
20  details regarding his symptoms, the treatment he received, and how the treatment or lack
21  thereof violated the constitution.  Plaintiff should also describe the actions of each named
22  defendant and provide details of their involvement in this case.  He should also more
23  clearly identify at what prisons the incidents occurred and where the defendants treated
24  him.  The court will not rule on the motion to transfer until plaintiff files an amended
25  complaint with more information.  Plaintiff may also address the motion to transfer in an
26  amended complaint.

27
28

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **May 12, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 11, 2016

PHYLLIS J. HAMILTON
United States District Judge

\\CANDOAK\Data\Users\PJHALL\_psp\2016\2016_00940_Haley_v_Ogbuehi_(PSP)\16-cv-00940-PJH-dwlta.docx

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

DWAYNE MICHAEL HAELY,

    Plaintiff,

  v.

IFEOMA OGBUEHI, et al.,

    Defendants.

Case No. 16-cv-00940-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 11, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dwayne Michael Haley ID: T08975
California Training Facility
P.O. Box 689
Soledad, CA 93960

Dated: April 11, 2016

                      Susan Y. Soong
                      Clerk, United States District Court

                      By:_____
                      Nichole Peric, Deputy Clerk to the
                      Honorable PHYLLIS J. HAMILTON